**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4665**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES MATTHEW PARSONS, a/k/a Prudy, a/k/a Pretty,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.   (5:07-cr-00008-RLV-DSC-1)

Submitted: June 7, 2011                Decided:   June 15, 2011

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.   Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Matthew Parsons pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 (2006), and using and carrying one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). The district court granted the Government's motion for departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2007), and sentenced Parsons to 270 months' imprisonment. Finding no error, we affirm.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he notes that Parsons generally waived his right to appeal in the plea agreement but questions whether defense counsel provided ineffective assistance at sentencing. Parsons was notified of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a responsive brief.[*]

Appellate counsel contends that Parsons's district court counsel, who has been replaced on appeal, provided

---

[*] Because the Government has not sought enforcement of the appellate waiver, we are not precluded from reviewing this appeal. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

2

ineffective assistance at sentencing by failing to object to the district court's explanation of the sentence. An ineffective assistance of counsel claim generally is not cognizable on direct appeal but instead should be asserted in a post-conviction motion under 28 U.S.C.A. § 2255 (West Supp. 2010). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We may address a claim of ineffective assistance on direct appeal only if counsel's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not conclusively establish that defense counsel was ineffective, the claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED